UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| AMY LANGFORD as the administrator of the ESTATE OF WYATT E. LANGFORD and AMY LANGFORD, Individually | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 4:13-cv-00016-HLM |
| JPMORGAN CHASE BANK, MCCALLA RAYMER, LLC, FEDERAL HOME LOAN MORTGAGE CORPORATION | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF AMY LANGFORD AS THE ADMINISTRATOR OF THE ESTATE OF WYATT E. LANGFORD AND AMY LANGFORD AS AN INDIVIDUAL'S RESPONSE IN OPPOSITION TO DEFENDANT JP MORGAN CHASE BANK AND FEDERAL HOME LOAN CORPORATION, AND SEPARATELY, DEFENDANT MCALLA RAYMER'S MOTIONS TO DISMISS**

**I. Introduction**

COMES NOW Plaintiffs Amy Langford in her personal capacity and in her capacity as the administrator or Wyatt Langford's Estate ("Plaintiffs") and responds to Defendant Federal Home Loan Mortgage Corporations ("Freddie Mac") and JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss, as well as Defendat McCalla Raymer's (collectively "Defendants") Motion to Dismiss. Because the arguments raised in both Motions to Dismiss are essentially identical,

Plaintiff responds to both simultaneously. Defendants Chase and Freddie Mac Motion to Dismiss, as well as McCalla Raymer's Motion to Dismiss repeatedly attack Plaintiff's 37 Paragraph, 17 Page Verified Complaint as containing nothing more that baseless allegations as containing nothing more than "conclusory statements" that are "unsupported" and contain nothing but "bare allegations." Nothing could be further from the truth. Indeed, Plaintiff has outlined her claims in detail and the underlying Complaint more than satisfies the standard for pleading for F.R.C.P 12(b)(6).

Additionally, Defendants attempt to portray the recent decision of <u>You v. JP Morgan Chase Bank, N.A., et al.</u> as being dispositive in this matter. Nothing could be further from the truth. Given an honest reading the Supreme Court of Georgia's opinion in <u>You</u> has no bearing **at all** on the present case, and in fact refused to answer the central question at issue in this case. For these reasons, Defendants' Motion should be denied.

**II. <u>Argument and Citation to Authority</u>**

    **A. STANDARD OF REVIEW**

    In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.</u>, 711 F.2d 989, 994-

95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082, 106 S. Ct. 851, 88 L. Ed. 2d 892 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing Twombly, 127 S. Ct. at 1964).

Colette Ciarlante v. Dollar Tree Stores, Inc., 2011 U.S. Dist Lexis 57844 * 2-3(N. D. Ga. 2011).


### B. DEFENDANTS' ARGUMENTS THAT THE NOTICE OF FORECLOSURE WAS PROPER UNDER GEORGIA LAW DUE TO THE *YOU, STOWER AND TWK* CASES IS NOTHING MORE THAN A MISSTATEMENT OF THESE CASES AND SHOULD BE DENIED.

Defendants first play a strange game of misdirection by implying that the You case is somehow dispositive in this matter. The You case was primarily about whether about whether an entity that held the security deed,

but not the promissory note, to a property was entitled to foreclose on the property despite the fact that it (or they) did not possess both instruments. *See generally*, You v. JP Morgan Chase Bank, N.A., et. Al., 293 Ga. 67, 743 S.E.2d 428 (2013). There the Plaintiff had alleged that because the holder of the security deed did not also hold the note promising to repay the debt, the entity holding the security deed did not have the lawful authority to foreclose.

     The Supreme Court of Georgia held that either the holder of the security deed or the holder of the note had the authority to foreclose, and that Georgia Law presented little or no difference between the two entities. You at 293 Ga. 72(holding "Indeed subsequent to the 1981 enactment, this Court has continued to recognize the stand-alone enforceability of the deed, apart from the note, thus reinforcing the ability of the deed holder to execute its rights under the deed, independent from the note.")(Additional citations omitted). In short, the purpose of the opinion was to clarify that someone who held a security deed, but not a promissory note, could instigate and complete a foreclosure legally. Id. The vice versa would presumably also be true. Id. This ruling has no bearing on the case at hand as Plaintiff is not challenging the validity of the "note," an apparently popular tactic of pro se Plaintiffs, but not this Plaintiff.

Defendants go on to contend that Defendant JP Morgan held the security deed, and therefore, had the right to foreclose on this matter. Defendants then argue that because Defendant JP Morgan held the security deed at the time of the notice and the sale, that Defendant JP Morgan's identification of itself as the "person or entity" with the "…individual or entity who shall have the full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." You at 743 S.E.2d. at 433. Apparently, Defendants would have this court believe that if you are either the holder of the note or the holder of the security deed, you can identify one or the other and therefore be in compliance with the applicable statute. They make this clear with the following block quote that has been conveniently edited. Specifically, Defendants provide this Court with the following quote:

> If that individual or entity is the **holder of the security deed,** then the deed holder must be identified in the notice;…If that individual is **other than the deed holder or the note holder,** such as an attorney or **servicing agent**, then that person or entity must be identified. The statute requires no more and no less.

*See* Defendants' Motion to Dismiss, P. 9(emphasis Defendants). Defendants have to be given credit for an eloquent selective quote. If their brief were to be taken at face value, then it would appear as if the Supreme Court of Georgia had stated that if wither the note holder or the holder of the

5

secured deed identified themselves, then the statute is satisfied. However, that is emphatically not the case.

Instead, the Supreme Court of Georgia addresses what is at the very center of this controversy; "Who must be identified in the foreclosure notice," and also explains Defendant deft non-inclusion of the critical portion of the Supreme Court of Georgia's holding. First it states that the person or entity that must be identified in the notice must be:

> Shall include the *names, address and telephone number of the individual or entity who shall have full authority to negotiate, amend or modify all the terms of the mortgage with the debtor.*

You at S.E.2d 433. The question remains as to who that entity may be.

The Supreme Court of Georgia answers this questions quite clearly and without ambiguity by holding:

> If that individual or that entity is the holder of the security deed, then the deed holder must be identified in the notice; if that individual or entity is the note holder, then the note holder must be identified. If that individual or entity is someone other than the deed holder, or the note holder, such as an attorney or servicing agent, then that person or entity must be identified.

Id. Here, the Plaintiff has clearly alleged that the entity in question, Defendant Freddie Mac, was not identified in the notice, and that the notice was therefore not in compliance with the law, regardless of the fact that Defendant JP Morgan may have been the holder of the security deed. See Plaintiff's Complaint at ¶¶ 20-25. Plaintiff has clearly alleged, in complete

6

compliance with Georgia Law, that the required entity has not been properly identified. Further, McCalla's alleged attempts to comply with the law of foreclosure are also invalid, as, based on the allegations in Plaintiff's Complaint and the rulings in You, the foreclosure was not performed in accordance with the law. Therefore, taking Plaintiff's allegations as true, this Court should deny Defendants' Motion to dismiss on this ground.

### C. **NO DETERMINATION HAD BEEN MADE IN REGARD TO REESE V. PROVIDENT FUNDING ASSOC., 317 GA. APP. 353, 359, 730 SE.2D 551(2012)**

Despite Defendants attempts to portray the matter of substantial compliance as settled due to the vacation of Reese, nothing could be further from the truth. 317 Ga. App. At 353. Instead, the Supreme Court of Georgia ordered to opinion vacated and remanded the matter to the Court of Appeals of Georgia to be reconsidered in light of the Supreme Court of Georgia's decision in You, based on the fact that the Court of Appeals had ruled that the entity or person holding the note must give their information in the foreclosure notice. *See* Reese v. Provident Funding Associates, LLP., 317 Ga. App. 353, 359 730 SE.2d 551, 556 (2012). Therefore the arguments presented by McCalla, JP Morgan and Freddie Mac are wholly invalid in regard to TKW and Stowers

### D. DEFENDANTS' ARGUMENTS THAT PLAINTIFF'S CLAIMS FAIL BECAUSE OF NONPAYMENT IS

## INCORRECT AS A MATTER OF LAW.

Georgia law provides that a person or entity that has admittedly fallen into default may not complain of a wrongful disclosure if the Plaintiff is *at fault*. However, in this case, Plaintiff has alleged that the only reason that they are in default is due to the actions and representations of Defendants. In such a circumstance, Plaintiff cannot be adjudged as being at fault as the only reason for any default is the inducement of Defendants and their fraudulent misrepresentations. See Michel v. Pickett, 247 S.E.2d 82, 87 (Ga. 1978)(holding that any payments must be admittedly due).

### E. PLAINTIFFS HAVE ALREADY BEEN GRANTED THE EQUITABLE RELIEF THEY SEEK BY THE SUPERIOR COURT OF MURRAY COUNTY
### F.

Plaintiffs were awarded the equitable relief that they sought by the Superior Court of Murray County in December of 2012. Therefore this argument is moot.

### G. DEFENDANTS ARGUMENT THAT PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WRONGFUL FORECLOSURE MISCONSTRUES PLAINTIFFS' ARGUMENT.

Defendants first argue that Plaintiffs' claims fail as a matter of law to the extent that they claim that Plaintiffs claim that they are entitled to a judgment for wrongful foreclosure due to the fact that they were not given a modification as they

had requested. Plaintiffs have not argued that they are entitled to maintain a cause of action because for wrongful foreclosure because they were not given a mortgage modification. Therefore, this argument is moot.

### D. DEFENDANTS CLAIM THAT PLAINTIFFS HAVE NOT SUFFICIENTLY STATED A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS INCORRECT PURSUANT TO GEORGIA LAW.

Next, Defendants attempt to argue that Plaintiffs have not stated a proper claim for the intentional infliction of emotional distress. Plaintiffs have properly pled the behavior that Defendants have committed that consists of intentionally committing emotional distress.

In the State of Georgia the pleading standard is far reduced for Intentional Infliction of Emotional Distress due to the fact that it is connected to a wrongful foreclosure. It is a settled matter of law that a Plaintiff can recover damages for emotional distress in Georgia even if Plaintiff is unable to recover punitive damages for the intentional infliction of emotional distress.

This very issue was addressed in <u>Clark v. West</u>, 196 Ga. App. 456, 395 S.E.2d 884 (1990). There, a plaintiff brought claims for the intentional infliction of emotional distress and the Defendant filed a motion to dismiss the claim, alleging it had not been sufficiently plead. Specifically, the Court, in declining to dismiss the claim, held:

> "We cannot approve the dismissal of appellant's remaining claims simply by labeling them a cause of action for 'intentional infliction of emotional distress' where the Complaint alleges an established tort – wrongful foreclosure—and seeks damages pursuant to O.C.G.A. § 51-12-6[1] for mental distress as a result of its *intentional* commission. Established law in this States allows the award of damages for such a claim."

Clark , at 196 Ga. App. 458. (Emphasis in original). Thus, even though Plaintiff has appropriately pled the tort of intentional infliction of emotional express, it was not required to do so. Defendant's motion to dismiss Plaintiffs' claim for the Intentional Infliction of Emotional Distress should be denied. In the event that the Court finds Plaintiffs' Complaint insufficient as to this Count, Plaintiffs ask the Court for leave to amend.

### E. Defendants' Argument that Plaintiffs Have Failed to State a Claim for Fraud is Inaccurate as a Matter of Georgia Law.

Defendants next states that Plaintiffs have failed to state a claim for fraud for two reasons. The first reason provided is because Plaintiffs' claim is "predicated upon promises to perform some act in the future..." Defendants' Brief at pp 9. However, as Defendants are well aware, Georgia law has long recognized that fraud can stand based on promises to act in the future where there was no intent to

---

[1] O.C.G.A. § 51-12-6 provides:

In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded.

10

perform the acts in question at the time the promises were made. More clearly stated:

> [A] Plaintiff could show that the defendant, instead of misrepresenting an existing fact, made promises as to future events with the present intention not to perform or with the knowledge that the future acts would not occur.

Then a claim for fraud can be made. Higgenbottom v. Thiele Kaolin Co. 251 Ga. 148, 304 S.E.2d 365 (1983). Additionally, Plaintiffs disagree with Defendants assertions that Plaintiffs have failed to state any particularized facts that Defendants committed fraud and to the extent that Plaintiffs are incorrect they request leave to amend

### F. Defendants Argument that Plaintiffs Claims for Breach of the Duty of Good Faith and Fair Dealing Fail Due to the Fact that they Did Not Claim Breach of Contract Is Incorrect Pursuant to Georgia Law.

Plaintiffs note that Georgia Law provides that foreclosures must be exercised in the utmost good faith and fair dealing. *See* O.C.G.A § 23-2-114. Foreclosure sales must be conducted in the utmost good faith, and if they are not, then the lender is liable for breaching this duty. *See* Racette, et. al v. Bank of America, 318 Ga. App. 171, 733 S.E.2d 457 (2012).

### H. Defendants' Argument that Plaintiffs' Claims for Attorney's Fees is Based on Defendants' Meritless Claims that Plaintiffs' Meritorious Claims Should be Dismissed and Should be Denied

Defendants' final argument is contingent on all of Plaintiffs' other claims

being dismissed. Since none of Defendants' arguments approach being meritorious, and none of Plaintiffs' claim should be dismissed, this argument must also be denied.

THEREFORE, since all of Defendants' arguments fail, Plaintiffs respectfully request that:

(1) Defendants' Motion to Dismiss be denied in its entirety; and

(2) In the alternative, leave to amend be granted to cure any defects in Plaintiffs' Complaint.

Respectfully submitted, this 9th day of August, 2013.

/s/ W. Anthony Collins, Jr
W. Anthony Collins, Jr.,
Georgia Bar Number: 141712
Smith Collins, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, Georgia 30350
(770) 378-1408
Attorney for Plaintiffs

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 9th , 2013 a true copy of the foregoing has been filed via the Electronic Filing System, therefore ensuring service upon:

Steven J. Flynn
Georgia Bar No. 594902
McCalla Raymer, LLC
Six Concourse Parkway, Suite 2800
Atlanta, Georgia 30328
(404) 853-1500

Shawna M. McGinnia
Wargo and French, LLP
999 Peachtree Street, N.E.
26th Floor
Atlanta Georgia, 30309

It is further certified that this document was prepared in Times New Roman 14pt

Font, pursuant to local rules.

/s/ W. Anthony Collins, Jr
W. Anthony Collins, Jr.,
Georgia Bar Number: 141712
Smith Collins, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, Georgia 30350
(770) 378-1408
Attorney for Plaintiffs