IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| AMY LANGFORD AS THE ADMINISTRATOR OF THE ESTATE OF WYATT E. LANGFORD, AND AMY LANGFORD, INDIVIDUALLY, | : : : : : | |
| Plaintiff, | : : | CASE NO.: 4:13-CV-00016-HLM |
| v. | : : | |
| JPMORGAN CHASE BANK, MCCALLA RAYMER, LLC, FEDERAL HOME LOAN MORTGAGE CORPORATION, | : : : : : | |
| Defendants. | : | |

**DEFENDANT MCCALLA RAYMER, LLC'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT**

COMES NOW, Defendant McCalla Raymer, LLC ("McCalla" or "Defendant") and, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Northern District of Georgia Local Civil Rule 7.1(C), hereby files this its Reply Brief in Support of McCalla's Renewed Motion to Dismiss the "Verified Complaint" (the "Complaint") (ECF Doc. 1-2, pp. 3-25) filed by Amy Langford, as the Administrator of the Estate of Wyatt E. Langford, and Amy Langford,

1

individually (collectively, the "Plaintiffs") (ECF Doc. 1-2), respectfully showing this Honorable Court as follows:

I. **REPLY**

   A. <u>**Plaintiffs' arguments regarding the alleged insufficiency of the Notice of Foreclosure provided to Plaintiffs by McCalla have been expressly addressed and rejected by both this Court and the Eleventh Circuit Court of Appeals**</u>

Both this Court and the Eleventh Circuit Court of Appeals have previously addressed the exact issue raised by Plaintiffs in their response to the defendants' respective motions to dismiss filed in this action (the "Response") (ECF Doc. 26). Plaintiff's Response, like Plaintiffs' Complaint, contends that the Notice of Foreclosure sent to Plaintiffs by McCalla was legally insufficient under O.C.G.A. § 44-14-162.2(a) because the Notice of Foreclosure identified Chase Home Finance, LLC, rather than Federal Home Loan Mortgage Corporation ("Freddie Mac"), as the entity with "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." <u>See</u> ECF Doc. 26, pp. 3-7 of 14. <u>See</u> also ECF Doc. 1-2, p. 11 of 92, ¶ 19; ECF Doc. 1-2, pp. 15-16 of 92, ¶ 31. In <u>Harris v. Chase Home Finance, LLC</u>, *et al.*, No. 4:11-CV-00116-HLM (N.D. Ga. Dec. 21, 2011), this Court granted the defendants' Rule 12(b)(6) motions to dismiss where the plaintiffs, among other things, contended that the notice of foreclosure sent to the plaintiffs by (coincidentally) McCalla violated O.C.G.A. § 44-14-162.2(a) because

2

the notice of foreclosure identified Chase Home Finance, LLC, rather than Freddie Mac, as the entity with "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." See Harris, No. 4:11-CV-00116-HLM, at Doc. 27, pp. 37-39 of 67.[1] This Court's Order of dismissal in Harris was recently affirmed by the Eleventh Circuit Court of Appeals, which held, in pertinent part, as follows:

> As for the Harrises's [sic] argument that Chase wrongfully foreclosed on the property because it did not provide proper notice under O.C.G.A. § 44–14–162.2(a), **we are also unpersauded** [sic]. The Notice of Foreclosure sent by McCalla Raymer, LLC, on behalf of Chase, satisfied the statute on its face because it was in writing; identified Chase as the entity with full authority to amend, negotiate, and modify the terms of the loan; and provided Chase's address and telephone number. See O.C.G.A. § 44–14–162.2(a). **The Harrises argue that the Notice was nevertheless insufficient because it said that Chase had full authority to negotiate, amend, and modify the terms of their loan, when in fact Freddie Mac, as the holder of the promissory note, was the entity with such authority**. Under You, however, the fact that Freddie Mac may have been the Note holder and secured creditor **does not mean that Chase did not have the full authority to amend, negotiate, and modify the terms of the loan.** Indeed, the secured creditor did not need to be identified in the Notice of Foreclosure. The only entity that had to be identified in the Notice was the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder,

---

[1] "Plaintiffs amended their Complaint to allege that the Notices of Foreclosure violated O.C.G.A. § 44-14-162.2 because the Notices falsely stated that Defendant Chase was the entity with full authority to negotiate, amend, or modify the terms of the Loan….As previously noted, Chase Home Finance, LLC, which ultimately merged into Defendant Chase, was the holder of the Note at the time the Notice of Foreclosure were issued.  Plaintiffs therefore cannot maintain a claim for wrongful foreclosure based on this argument." (citations omitted). Harris, No. 4:11-cv-00116-HLM, at Doc. 27, pp. 37-38 of 67.

attorney, or servicing agent. You, 743 S.E.2d 428, 2013 WL 2152562, at *6. **Therefore, the district court properly concluded that the notice was sufficient under O.C.G.A. § 44–14–162.2(a).**

Harris v. Chase Home Finance, LLC, No. 12-10406, ___ Fed. App'x ___, 2013 WL 3940000, at *3 (11th Cir. July 31, 2013) (unpublished opinion) (emphasis supplied). Because this Court and the Eleventh Circuit Court of Appeals have already addressed and expressly rejected Plaintiffs' contentions surrounding the purported invalidity of the same (in both form and pertinent substance) notice of foreclosure at issue in the instant case, Plaintiffs' contentions in this regard are without merit and McCalla's motion to dismiss should therefore be granted. See Harris, No. 4:11-CV-00116-HLM, at Doc. 27, pp. 37-39 of 67; Harris, No. 12-10406, ___ Fed. App'x ___, 2013 WL 3940000, at *3.

### B. The Georgia Court of Appeals' holding in *Reese v. Provident Funding Associates, LLP*, 317 Ga. App. 353, 730 S.E.2d (2012) is no longer good law in Georgia

Plaintiffs' Response next attempts to undermine the legal significance of the Georgia Court of Appeals' holdings in TKW Partners, LLC v. Archer Capital Fund, L.P., 302 Ga. App. 443, 691 S.E.2d 300 (2010) and Stowers v. Branch Banking & Trust Co., 731 S.E.2d 367, 317 Ga. App. 893 (2012),[2] wherein the

---

[2] TKW Partners and Stowers were extensively briefed in McCalla's Memorandum of Law in Support of its Renewed Motion to Dismiss. See ECF Doc. 24-1, pp. 14-18 of 28.

4

Georgia Court of Appeals held that a "substantial compliance" standard is applicable to foreclosure notices sent pursuant to O.C.G.A. § 44-14-162.2, contending that the issue of "substantial compliance" remains an unsettled question under Georgia law, based upon the Georgia Court of Appeals' decision in <u>Reese v. Provident Funding Associations, LLP</u>, 317 Ga. App. 353, 730 S.E.2d 551 (2012). <u>See</u> ECF Doc. 26, p. 7 of 14. However, as Plaintiffs' Response readily concedes, the Georgia Court of Appeals' ruling in <u>Reese</u> was vacated and remanded by the Georgia Supreme Court, with instructions for the Georgia Court of Appeals to reconsider <u>Reese</u> in light of the Georgia Supreme Court's decision in <u>You v. JP Morgan Chase Bank, N.A.</u>, 293 Ga. 67, 743 S.E.2d 428 (May 20, 2013). <u>See</u> ECF Doc. 26, p. 7 of 14. As such, <u>Reese</u> is no longer good law, while <u>TKW</u> and <u>Stowers</u> remain good law subsequent to <u>You</u>. Plaintiffs' second argument is without merit and should be disregarded.

### C. **Plaintiffs have failed state a claim against McCalla for the intentional infliction of emotional distress**

Plaintiffs' Response appears to concede that Plaintiffs' claim for the intentional infliction of emotional distress is directly dependent upon the success of Plaintiffs' claim for wrongful foreclosure. <u>See</u> ECF Doc. 26, pp. 9-10 of 14. As set forth previously herein, *supra*, as well as in McCalla's Renewed Motion to Dismiss Plaintiffs' Complaint (ECF Docs. 24, 24-1), Plaintiffs' Complaint fails to

5

state a claim for wrongful foreclosure as a matter of law. Moreover, mere allegations of technical errors in the foreclosure process, such as an alleged mistake contained within the foreclosure notice (as Plaintiffs have alleged in this case with respect to McCalla) or in the foreclosure advertisement itself, cannot support a claim for the intentional infliction of emotional distress in Georgia as a matter of law. See Racette v. Bank of America, N.A., 318 Ga. App. 171, 179-80, 733 S.E.2d 457, 465 (2012) (affirming dismissal of claim for intentional infliction of emotional distress predicated upon contention that bank and its counsel proceeded with foreclosure sale "despite knowing of inaccuracies in the published foreclosure advertisements" and holding that such conduct "'cannot be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of decency'" (quoting Frank v. Fleet Finance, Inc. of Ga., 238 Ga. App. 316, 317-18, 518 S.E.2d 717 (1999)).[3] The alleged conduct of McCalla in this case, as set forth in McCalla's Renewed Motion to Dismiss (ECF Docs. 24, 24-1), clearly does not rise to the level of conduct necessary to support a claim for the intentional infliction of emotional distress under Georgia law and this claim must therefore be dismissed for failure to state a claim upon which relief may be granted.

---

[3] Plaintiffs' allegations concerning the alleged statements of McCalla to Plaintiffs prior to the foreclosure also fail to set forth a claim for relief, for the reasons set forth in McCalla's Renewed Motion to Dismiss. See ECF Docs. 24, 24-1.

## D. Plaintiffs have failed to state a claim against McCalla for fraud

Plaintiffs' Response contends that Plaintiffs' Complaint states a viable claim for fraud because "Plaintiffs' claim is 'predicated upon promises to perform some act in the future.'"  ECF Doc. 26, p. 10 of 14 (quoting Motion to Dismiss of Chase and Freddie Mac, ECF Doc. 11-1, p. 9 of 14).  Plaintiffs' claim for fraud, with respect to McCalla, is based upon Plaintiffs' allegation that McCalla:  (1) misrepresented to Plaintiffs in the Notice of Foreclosure that Chase "had the full authority to negotiate and modify the mortgage that is the subject of this action," when, in fact, Freddie Mac allegedly had such authority (see ECF Doc. 1-2, p. 19 of 92, ¶ 39(2)); and (2) misrepresented to Plaintiffs that the foreclosure sale of the Property "would be stopped and that [Chase] had the full authority to stop the foreclosure proceedings when they did not."  See ECF Doc. 1-2, p. 19 of 92, ¶ 39(3).

Plaintiffs' Response fails to address McCalla's argument concerning the lack of consideration given by Plaintiffs in exchange for any alleged promise not to foreclose, which lack of consideration is fatal to any claim for fraud asserted by Plaintiffs.  See Phillips v. Atlantic Bank & Trust Company, 168 Ga. App. 590, 591, 309 S.E.2d 814, 814 (1983).  Additionally, the allegations of the Complaint support the conclusion that the statements allegedly made to Plaintiffs by McCalla were not

definite, but were rather speculative in nature, and therefore cannot support an action for fraud. See Autrey v. UAP/GA AG Chem, Inc., 230 Ga. App. 767, 769, 497 S.E.2d 402, 405 (1998) ("fraud cannot be predicated on a promise which is unenforceable at the time it is made"). Consequently, Plaintiffs' fraud claim should be dismissed.

### E. Plaintiffs are not directing their claim for breach of the covenant of good faith and fair dealing towards McCalla

Plaintiffs' Response in Opposition to McCalla's original Motion to Dismiss (ECF Doc. 15) conceded that Plaintiff did not intend to assert any claim against McCalla for breach of the covenant of good faith and fair dealing. See ECF Doc. 15, pp. 7-8 of 10. As such, McCalla does not address the merits of this claim herein and respectfully requests that this claim be dismissed as to McCalla.

### F. Plaintiffs' claim for attorneys' fees is subject to dismissal because each of Plaintiffs' substantive claims fail as a matter of law

Because each of Plaintiffs' substantive claims against McCalla fail as a matter of law, Plaintiffs cannot recover attorneys' fees and expenses of litigation from McCalla. See Davis v. Johnson, 280 Ga. App. 318, 320, 634 S.E.2d 108, 110 (2006). Moreover, Plaintiffs have failed to allege any facts which would support a finding that McCalla has acted in bad faith or been stubbornly litigious with respect to the facts forming the basis for the instant action and Plaintiffs cannot

therefore prevail on any claim for attorneys' fees and expenses of litigation brought pursuant to O.C.G.A. § 13-6-11.

## II. **CONCLUSION**

Based on the foregoing, McCalla respectfully requests that the Court **GRANT** McCalla's Renewed Motion to Dismiss (ECF Doc. 24, 24-1).

RESPECTFULLY SUBMITTED, this 26th day of August, 2013.

**McCALLA RAYMER, LLC**

/s/ Steven J. Flynn
J. Thomas Howell
Georgia Bar No. 594902
Steven J. Flynn
Georgia Bar No. 313040
Kimberly A. Wright
Georgia Bar No. 510370
*Counsel for Defendant*
*McCalla Raymer, LLC*

Six Concourse Parkway, Suite 2800
Atlanta, Georgia 30328
(678) 281-6440 - Direct
(678) 281-6500 - Main
(866) 870-1445 - Fax
sjf@mccallaraymer.com

## CERTIFICATION

The undersigned further certifies that this document has been prepared in accordance with the formatting requirements designated in Local Rule 5.1.

This 26th day of August, 2013.

                                                                  /s/ Steven J. Flynn
                                                                  J. Thomas Howell
                                                                  Georgia Bar No. 594902
                                                                  Steven J. Flynn
                                                                  Georgia Bar No. 313040
                                                                  Kimberly A. Wright
                                                                  Georgia Bar No. 510370
                                                                  *Counsel for Defendant*
                                                                  *McCalla Raymer, LLC*

**McCALLA RAYMER, LLC**
Six Concourse Parkway, Suite 2800
Atlanta, Georgia 30328
(678) 281-6440 - Direct
(678) 281-6500 - Main
(866) 870-1445 - Fax
sjf@mccallaraymer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT MCCALLA RAYMER, LLC'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT has been sent electronically via the ECF system to the following registered users:

> W. Anthony Collins, Jr.
> Smith Collins, LLC
> 8565 Dunwoody Place
> Building 15, Suite B
> Atlanta, Georgia 30350
> *Counsel for Plaintiff*
>
> Thomas Charles Blaska, Esq.
> The Blaska Law Firm
> Suite B
> 8565 Dunwoody Place
> Atlanta, Georgia 30350
> *Counsel for Plaintiff*
>
> Michael Wolak, III, Esq.
> Shanon J. McGinnis, Esq.
> Shawna M. Portner, Esq.
> Wargo & French, LLP
> 999 Peachtree Street, N.E.
> 26th Floor
> Atlanta, Georgia 30309
> *Counsel for JPMorgan Chase Bank and Federal Home Loan Mortgage Corporation*

Amy Lucy Hanna, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Suite 1600, Monarch Plaza
3414 Peachtree Street, NE
Atlanta, Georgia 30326
*Counsel for JPMorgan Chase Bank and Federal Home Loan Mortgage Corporation*

This 26th day of August, 2013.

/s/ Steven J. Flynn
Steven J. Flynn
Georgia Bar No. 313040
*Counsel for Defendant*
*McCalla Raymer, LLC*

**McCALLA RAYMER, LLC**
Six Concourse Parkway, Suite 2800
Atlanta, Georgia 30328
(678) 281-6440 - Direct
(678) 281-6500 - Main
(866) 870-1445 - Fax
sjf@mccallaraymer.com