UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMY LANGFORD as the administrator of ) <br> the ESTATE OF WYATT E. LANGFORD ) <br> and AMY LANGFORD, individually, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JPMORGAN CHASE BANK, MCCALLA ) <br> RAYMER, LLC, FEDERAL HOME ) <br> LOAN MORTGAGE CORPORATION ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION NO. <br> 4:13-CV-00016-HLM |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Chase and Freddie Mac submit this reply brief in support of their Motion to Dismiss Plaintiff's Complaint ("Motion"), addressing the arguments raised in Plaintiff's Response ("Response").[1]  Even considering the additional arguments and legal conclusions comprising Plaintiff's Response alongside the legally infirm allegations of her Complaint, Plaintiff still falls far short of her burden of stating a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rather, Plaintiff's Response simply ignores

---

[1] This reply brief uses terms as defined in Defendants' Motion filed on July 23, 2013.  (DE No. 25.)

1

unfavorable facts and well-settled law – both of which prove fatal to her claims. Consequently, Chase's Motion should be granted and Plaintiff's Complaint should be dismissed <u>with prejudice</u> in its entirety.

A.   **<u>Plaintiff's Claim for Wrongful Foreclosure Fails as a Matter of Law</u>**[2]

   1.   *Plaintiff's Assertion that the Notices of Sale Were Improper Is Legally Infirm In the Wake of Recent Georgia Case Law*

Plaintiff erroneously argues in her Response that Defendants "play a strange game of misdirection by implying that the *You* case is somehow dispositive in this matter." (Resp. at 3.)  Nonetheless, it is Plaintiff – not Defendants – who misconstrues the holding and effect of the Supreme Court's ruling in *You v. JPMorgan Chase Bank, N.A*, 743 S.E. 2d 428 (Ga. 2013).[3]  Despite Plaintiff's

---

[2] In the Complaint, Plaintiff unquestionably (but erroneously) argues that Defendants are liable for wrongful foreclosure because they "refus[ed] to simply provide the modification that was requested." (Compl. ¶ 31.)  Despite this clear language, Plaintiff states in her Response that she has "not argued that [she] is entitled to maintain a cause of action because [sic] for wrongful foreclosure because [she was] not given a mortgage modification." (Resp. at 9.)  Although Defendants' Motion clearly demonstrates that a plaintiff cannot maintain a wrongful foreclosure claim on the basis of a loan modification, Plaintiff's own assertion in the Response warrants the Court's decision to disregard these allegations in the Complaint.

[3] Although not entirely relevant to her claims, but certainly demonstrative of her misunderstanding of the case, Plaintiff suggests that the Supreme Court of Georgia held in *You* that both a deed-holder and a note-holder have the authority to initiate non-judicial foreclosure proceedings. (Resp. at 4.)  This representation is unquestionably is false.  The High Court held that a deed-holder may exercise the

2

attempt to argue that *You* is not dispositive of her claim for wrongful foreclosure, recent Eleventh Circuit case law handed down since the *You* decision has further solidified Defendants' legal position by confirming Defendants' reading and understanding of the application of the *You* doctrine.

In both her Complaint and Response, Plaintiff alleges, in a wholly conclusory fashion, that Freddie Mac was the entity with authority to negotiate, amend, and modify the terms of the mortgage,[4] that Freddie Mac was not identified in the Notices of Sale, and that the Notices of Sale therefore violated Georgia law. (Resp. at 6.)  As discussed in Defendants' Motion, however, the *You* Court confirmed that the owner of the subject note need not be named in a foreclosure notice under O.C.G.A. § 44-14-162.2.  Therefore, Plaintiff's contention that Freddie Mac (as the purported note owner) must be identified in the Notices of

---

power of sale clause – a contractual provision found in the *security instrument* itself – without also holding the promissory note evidencing the underlying debt. 743 S.E. 2d at 433.  The Supreme Court of Georgia, did not, however, find that the holder of the promissory note may initiate foreclosure without also holding the deed. *See generally id*.

[4] In the Complaint, Plaintiff asserts that Freddie Mac was the only entity with authority to modify the terms of the loan "as noted on the last day prior to the foreclosure sale." (Compl. ¶ 31.)  However, a close reading of the Complaint reveals that on the day of the foreclosure sale, Plaintiff alleges she learned that approval from Freddie Mac was required to postpone the sale, <u>not to modify the Loan</u>. (Compl. ¶¶ 23-24.)

Sale is wholly unfounded. (Motion at 8-9.) Furthermore, <u>only substantial compliance with the notice requirements of the non-judicial foreclosure statute is required under Georgia law</u>.[5] (Motion at 9.) *See TKW Partners v. Archer Capital Fund*, 302 Ga. App. 443 (2010); *Stowers v. Branch Banking & Trust Co.*, 731 S.E. 2d 367 (Ga. Ct. App. 2012). Rather, it is sufficient that a foreclosure notice name the entity or individual who is "authorized to receive communications from the debtor, to convey them to the [lender], to make recommendations, and to convey the [lender's] position to the debtor." *Stowers*, 731 S.E. 2d at 369.

Indeed, the Eleventh Circuit, specifically addressing the requirements of O.C.G.A. § 44-14-162.2, has addressed this issue twice in the recent weeks. In *Harris v. Chase Home Finance, LLC*, the statutory foreclosure notice at issue identified Chase, the loan servicer, as the entity with full authority to modify the terms of the mortgage; however, the plaintiffs argued that Freddie Mac, as the purported owner of the note, should have been identified in the required notices as the entity with "full authority" to modify the loan. Case No. 12-10406, slip op. p. 3 (11th Cir. July 31, 2013.). In addressing the borrowers' contention that the

---

[5] It should be noted that Plaintiff wholly skirts this argument in the Response. Lacking a vehicle in which to oppose sound Georgia case law, which requires only substantial compliance with Section 44-14-162.2, Plaintiff baselessly states that "the arguments presented by [Defendants] are wholly invalid in regard to *TKW* and *Stowers*." (Resp. at 7.) This "argument" is weak and unsupported.

foreclosure notice failed to comply with O.C.G.A. § 44-14-162 because "Freddie Mac was the holder of the Note at the time of foreclosure, and Chase was merely acting as its servicing agent" *id*. at p. 3, the appeals court unequivocally rejected such claims and determined that the notices satisfied the plain language of the statute:

> As for the Harrises's argument that Chase wrongfully foreclosed on the property because it did not provide proper notice under O.C.G.A. § 44-14-162.2(a), we are also unpersuaded. **The Notice of Foreclosure sent by McCalla Raymer, LLC on behalf of Chase, satisfied the statute on its face because it was in writing; identified Chase as the entity with full authority to amend, negotiate, and modify the terms of the loan; and provided Chase's address and telephone number.** See O.C.G.A. § 44-14-162.2(a). The Harrises argue that the Notice was nevertheless insufficient because it said that Chase had full authority to negotiate, amend, and modify the terms of their loan, when in fact Freddie Mac, as the holder of the promissory note, was the entity with such authority. **Under You, however, the fact that Freddie Mac may have been the Note holder and secured creditor does not mean that Chase did not have full authority to amend, negotiate, and modify the terms of the loan. Indeed, the secured creditor did not need to be identified in the Notice of Foreclosure.** The only entity that had to be identified in the Notice was the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or servicing agent. You, 2013 WL 2152562, *6. Therefore, the district court properly concluded that the notice was sufficient under O.C.G.A. § 44-14-162.2(a).

*Id*. at p. 7 (emphasis added).

Moreover, in *Carr v. U.S. Bank, N.A.*, the Eleventh Circuit followed the precedent established in *TKW Partners* and *Stowers* by unequivocally holding that

5

substantial compliance with the notice requirements of Section 44-14-162.2 is sufficient.  2013 WL 4267640 (11th Cir. Aug. 16, 2013).  In that case, the foreclosure notices at issue identified the loan servicer as the entity with full authority to modify and negotiate the terms of the subject loan.  *Id*. at *2.

Quoting *TKW Partners*, the *Carr* court noted that, under Section 44-14-162.2(a), statutory foreclosure notice "only needs to inform the debtor of the contact information if he wishes to pursue a modification of the security deed." *Id*. at *2-3 (quoting *TKW Partners*, 691 S.E. 2d at 303) (internal citation omitted). Affirming the district court's grant of summary judgment on the plaintiff's wrongful foreclosure claim in favor of the defendant loan servicer, the Eleventh Circuit ruled: "Carr's two notice letters include the name, address, and telephone number of the loan servicer and instruct Carr to contact the loan servicer if he has servicing questions or if he intends to pay the full amount, and are thus **in compliance with Georgia law.**" (*Id*. at *3) (emphasis added).

Here, as in both *Harris* and *Carr*, Chase—the entity identified in the Notices of Sale as having full authority to modify the terms of the Loan—was both the servicer of the Loan and the holder of the Deed.  Under the Eleventh Circuit's ruling in *Harris*, Plaintiff's baseless contention that Freddie Mac, as the alleged owner of the Loan, was necessarily the entity with full authority to modify the

6

terms of the Loan and, therefore, the failure to identify Freddie Mac in the Notices of Sale constituted defective statutory notice <u>fails</u>.  Indeed, as in *Harris*, the Notices of Sale complied with the plain language of Section 44-14-162.2 <u>on their faces</u> by identifying Chase, in writing, as the entity "with full authority to amend, negotiate, and modify the terms of the loan." *Id*. at p. 7.  Moreover, the *Carr* decision also warrants a finding that the Notices of Sale complied with Section 44-14-162.2 because they appropriately directed Plaintiff to contact Chase "if [s]he wishe[d] to purse a modification of the security deed." *Carr*, 2013 WL 4267640 at *2-3 (quoting *TKW Partners*, 691 S.E. 2d at 303.)  Therefore, Plaintiff's allegations that the subject Notices of Sale are noncompliant with Georgia's non-judicial foreclosure statute are meritless in the wake of the recent binding authority set forth in *You*, *Harris, and Carr*.  Accordingly, as the precedential authority requires a finding that the Notices of Sale fully complied with the mandates of Georgia's non-judicial foreclosure statute, Plaintiff's claim for wrongful foreclosure must be dismissed <u>with prejudice</u>.

    2.    ***Plaintiff's Cause of Action for Wrongful Foreclosure Fails for Lack of Causation***

As discussed in Defendants' Motion, Plaintiff's allegations do not support a finding "that [Defendants' alleged conduct] was both the 'cause in fact' and the 'proximate cause' of her injury," which is required for a cause of action for

7

wrongful foreclosure to survive under Georgia law. (Motion at 13); *Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 286 (1994). In Plaintiff's Response, however, she states that "the only reason that they are in default is due to the actions and misrepresentations of Defendants." (Resp. at 8.) This argument fails due to the sole fact that Plaintiff <u>admits</u> in the Complaint that her father defaulted due to his own inability to make continued payments under the Loan. (Compl. ¶ 11.) Therefore, despite Plaintiff's attempt to unravel her prior admissions, the fact remains that the damages alleged in the Complaint flow directly and entirely from the undisputed default under the Loan. Consequently, Plaintiff's claim for wrongful foreclosure additionally fails for lack of causation.

  *3.*  *Plaintiff Is Not Entitled to the Equitable Relief Sought Due to Failure to Tender*

As demonstrated in Defendants' Motion, Plaintiff is not entitled to rescission of the foreclosure sale due to her failure to allege tender. (Motion at 134-16); *see Massey v. Nat'l Homeowners Sales Serv. Corp. of Atlanta*, 165 S.E. 2d 854, 859 (1969) (holding that to set aside a sale, it is incumbent that a tender of the amount of the debt due be made). In the Response, however, Plaintiff states that she was "awarded the equitable relief that [she] sought by the Superior Court of Murray County," and "[t]herefore, [Defendants'] argument is moot." (Resp. at 8.)

Though Plaintiff's argument is unclear, to the extent she is referring to her Motion for Temporary Restraining Order and Injunctive Relief ("Motion for TRO"), filed with the Superior Court of Murray County in December 2012, such motion was never heard or decided prior to removal to this Court. (*See* DE 1, Notice of Removal.)  Moreover, Plaintiff's request for "an immediate temporary restraining order . . . restraining Defendants or any related party from foreclosing on Plaintiffs" (DE 1, Notice of Removal, Ex. A)  was moot because the foreclosure sale had already occurred (as evidenced by the Deed Under Power dated November 6, 2012). (Motion, Ex. B.)  Furthermore, such relief is entirely separate from Plaintiff's request in the Complaint for *rescission* of the foreclosure sale. (Compl. ¶ 33 ("Plaintiffs are entitled to have the foreclosure set aside.")). Nonetheless, <u>by admitting that she seeks no further equitable relief, Plaintiff's cause of action for wrongful foreclosure – not Defendants' argument regarding equitable relief – is moot</u>.

Because Plaintiff admits she seeks no further equitable relief, and because she would not be entitled to any equitable relief as evidenced by Defendants' Motion, Plaintiff's claim for wrongful foreclosure must be dismissed with prejudice.

**B.    <u>Plaintiff Is Not Entitled to Damages for Emotional Distress and is Likewise Unable to State a Claim for IIED</u>**

9

Defendants' Motion unequivocally demonstrates that Plaintiff has not, and indeed cannot, state a claim for IIED. (Motion at 16-18.)  Conceding to the arguments set forth in Defendants' Motion based on longstanding Georgia law, Plaintiff, in her Response, attempts to transform her allegations by abandoning her cause of action for IIED, and instead requests damages for emotional distress relative to her claim for wrongful foreclosure. (Resp. at 9-10.)  Though damages for mental anguish may be recoverable in connection with a wrongful foreclosure claim, Plaintiff is not entitled to such damages as they are based on Plaintiff's fatally flawed cause of action for wrongful foreclosure.

Nonetheless, even if Plaintiff were able to sustain a claim for wrongful foreclosure (which she cannot), emotional distress damages would not be warranted for the same reasons that Plaintiff cannot recover on an IIED claim. In Georgia, damages for mental anguish require a showing of "extreme or outrageous conduct." *See DeGolyer*, 291 Ga. App. at 449 (2008).  Indeed, Georgia courts <u>treat emotional distress in a wrongful foreclosure suit "as an action for intentional infliction of emotional distress</u>, and the burden that plaintiff must meet is a stringent one in order to prevail." *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 133 (2012) (emphasis added); *see also DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 449-50 (2008).  Therefore, because Plaintiff cannot meet

10

the burden of stating a cause of action for IIED – as discussed in Defendants' Motion – she cannot recover damages for emotional distress relative to her cause of action for wrongful foreclosure.  For the reasons discussed in Defendants' Motion, Plaintiff's cause of action for IIED must be dismissed with prejudice.  Moreover, for the reasons discussed herein, Plaintiff's attempt to recast her cause of action as a request for emotional damages relative to her flawed claim for wrongful foreclosure must be disregarded and dismissed.

## C.  Plaintiff's Claim for Fraud Fails as a Matter of Law

Defendants' Motion clearly establishes that Plaintiff's cause of action for fraud is defective on numerous bases:  (1) the purported misrepresentations on which Plaintiff premises her cause of action involve promises of future conduct; (2) the alleged promises are "unenforceably vague;" (3) Plaintiff has not pled reasonable reliance with particularity; and (4) Plaintiff cannot have reasonably relied on any promises to the extent they violate Georgia's Statute of Frauds. (Motion at 19-24.)  Rather than address the substance of Defendants' arguments in the Motion, and conceding to the legal validity of same, Plaintiff merely states that she "disagree[s] with Defendants [sic] assertions." (Resp. at 11.)  Plaintiff's mere "disagreement" does not remedy her faulty and unsupported allegations of fraud.

Plaintiff does, however, cite *Higgenbottom v. Thiele Kaolin Co.*, 251 Ga. 148 (1983), in a half-hearted attempt to argue that "fraud can stand based on promises to act in the future where there was no intent to perform the acts in question at the time the promises were made." (Resp. at 11-12.) As a threshold matter, <u>nowhere in the Complaint or the Response does Plaintiff ever allege that Defendants made any promise without the intent to perform</u>. (*See generally* Compl.; Resp.) Therefore, *Higgenbottom* does not change the analysis set forth in Defendant's Motion which clearly demonstrates that Plaintiff cannot state a claim for fraud.

Moreover, *Higgenbottom* involves a claim for <u>fraudulent inducement</u>, which, in Georgia, almost always involves a factual scenario in which one party to a contract was induced into such contract by relying on the fraudulent representations of the other party. *See Higgenbottom*, 251 Ga. at 152 ("An action for <u>fraudulent inducement</u> can be made out in one of two ways. . . .") (emphasis added); *see also Ainsworth v. Perreault*, 563 S.e. 2d 135, 137 (Ga. App. 2002) ("In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud."); *see also Authentic Architectural Millworks, Inc. v. SCM Grp. USA, Inc.* 586 S.E. 726 (Ga. App. 2003)

(analyzing claim for fraudulent inducement in a contractual context); *Harkins v. Channell*, 618 S.E. 2d 129, 132 (Ga. App. 2005) (same).  Here, no such factual circumstances exist or have even been alleged by Plaintiff.  Furthermore, like a general claim for fraud, a claim for fraudulent inducement also requires "that the plaintiff acted upon the misrepresentation in reasonable reliance of its truth." *Higgenbottom*, 251 Ga. at 152.  Here, as discussed in Defendants' Motion, Plaintiff neither contends that Defendants induced her or her father to take any affirmative action, nor pleads with any particularity that she or her father acted in reliance on the purported promises.  As such, even if Plaintiff had alleged that Defendants did not intend to perform the alleged promises, Plaintiff cannot rely on *Higgenbottom*'s holding that fraudulent inducement can be based on promises of future action, as she cannot state a claim for fraudulent inducement.

Accordingly, although Plaintiff "disagrees" with the sound legal arguments set forth in Defendants' Motion, her cause of action for fraud must be dismissed with prejudice.

**D.   Plaintiff's Claim for Breach of the Duty of Good Faith and Fair Dealing Cannot Survive, and Her Attempts to Transform Such Claim Into a New Cause of Action iIs Prohibited Under Federal Law**

As discussed in Defendants' Motion, a plaintiff cannot state a claim for breach of the duty of good faith and fair dealing under Georgia law without also

13

bringing a breach of contract claim. (Motion at 25.) Plaintiff asserts, however, that this hornbook principle is "incorrect" and goes on to state that Georgia law requires that all foreclosures must be exercised in good faith. Plaintiff's arguments are misguided and patently false. While O.C.G.A. § 23-2-114 does require a security instrument's power of sale to be "fairly exercised," a claim for violation of this statute is wholly separate from a claim for breach of the duty of good faith and fair dealing under Georgia law. *Compare* O.C.G.A. § 23-2-114 ("Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised."), *with Stewart Enters. Int'l v. Peykan, Inc.*, 555 S.E. 2d 881, 883-84 ("The implied covenant of good faith and fair dealing in performing a contract has a basis in both statutory and common law. The [UCC] establishes a duty of good faith in performance for contracts governed thereunder . . . There is also a common law duty to diligently and in good faith seek to comply with all portions of the terms of a contract.") (internal citations omitted). In the Complaint, Plaintiff brings the latter cause of action, not the former.

Federal law makes clear that "[a] <u>complaint may not be amended by briefs in opposition to a motion to dismiss</u>." *Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1148 n.9 (M.D. Al. 2005) (emphasis added); *see also Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp.2d 165 (D.D.C. 2003) ("It is

14

axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") Therefore, Plaintiff's argument that Chase did not exercise the power of sale in good faith summarily fails, as she cannot now (through her Response) attempt to assert a new claim under Section 23-2-114.

However, even if Plaintiff were able to assert a cause of action for violation of O.C.G.A. § 23-2-114 (which she cannot), such claim would still fail. "In exercising the power of sale, the foreclosing party is required only to advertise and sell the property in accordance with the terms of the instrument and conduct the sale in good faith." *Rapps v. Cooke*, 246 Ga. App. 251, 253 (2000) (emphasis added); *see also Sugarloaf Plaza, LLC v. Touchmark Nat'l Bank*, 319 Ga. App. 648, 649 (2013). Such is the extent of the duty imposed by O.C.G.A. § 23-2-114. Here, Plaintiff has not alleged that Chase failed to conduct the foreclosure sale in accordance with the terms of the Deed, nor has she alleged that the sale was conducted in bad faith. (*See generally* Compl.; Resp.) In fact, in her Response, Plaintiff merely cites case law regarding O.C.G.A. § 23-2-114 without referencing any allegations in the Complaint in support of same. Thus, Plaintiff has not alleged a violation of O.C.G.A. § 23-2-114, and further, her cause of action for breach of the duty of good faith and fair dealing must be dismissed with prejudice for the reasons asserted in Defendants' Motion.

## CONCLUSION

For the reasons set forth herein, Chase respectfully requests that this Court dismiss <u>with prejudice</u> Plaintiff's Complaint in its entirety for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 26th day of August, 2013.

>WARGO & FRENCH LLP
>/s/*Shawna M. Portner*
>SHANON J. MCGINNIS
>Georgia Bar No. 387598
>smcginnis@wargofrench.com
>SHAWNA M. PORTNER
>Georgia Bar No. 202310
>sportner@wargofrench.com
>
>999 Peachtree Street, N.E.
>26th Floor
>Atlanta, Georgia 30309
>(404) 853-1500
>(404) 853-1587 (facsimile)
>
>*Counsel for Defendants*
>*JPMorgan Chase Bank, N.A. and Federal Home Loan Mortgage Corporation*

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 26th day of August, 2013.

                                                     /s/ *Shawna M. Portner*
                                                 SHAWNA M. PORTNER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| AMY LANGFORD as the administrator of ) <br> the ESTATE OF WYATT E. LANGFORD ) <br> and AMY LANGFORD, individually, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JPMORGAN CHASE BANK, MCCALLA ) <br> RAYMER, LLC, FEDERAL HOME ) <br> LOAN MORTGAGE CORPORATION ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION NO. <br> 4:13-CV-00016-HLM |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day filed a true copy of the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** in the United States District Court for the Northern District of Georgia and have served a true copy of same upon Plaintiff by United States mail, postage prepaid, addressed as follows:

W. Anthony Collins, Jr.<br>
SMITH COLLINS, LLC<br>
8565 Dunwoody Place<br>
Building 15, Suite B<br>
Atlanta, Georgia 30350

This 27th day of August, 2013.

             */s/ Shawna M. Portner*
             SHAWNA M. PORTNER